**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack D Taylor,<br><br>    Plaintiff,<br><br>v.<br><br>City of Flagstaff, et al.,<br><br>    Defendant. | No. CV-19-08176-PCT-MTL<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss filed by Defendant City of Flagstaff (the "City"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 14.) For the following reasons, the City's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of standing is granted; Plaintiff will be given leave to amend.[1]

**I.    BACKGROUND**

Plaintiff Jack D. Taylor is a resident of Flagstaff, Arizona. (Doc. 1, at 10, 16.) Plaintiff alleges that, for more than a decade, the City "has held a menorah lighting ceremony in the City hall."[2] (Doc. 1, at 11.) The menorah lighting ceremony is a "Flagstaff Hanukkah tradition" called "The Grand Menorah Lighting at City Hall." (Doc. 1, at 28.)

---

[1] The City requested oral argument (Doc. 14, at 1.) The Court denies the City's request for oral argument because the issues have been fully briefed and oral argument would not have aided the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

[2] The City contests this fact, asserting instead that Chabad of Flagstaff, a non-profit organization, leases space in City Hall pursuant to the City's Rules and Regulations and that Chabad, not the City, holds the menorah lighting ceremony in City Hall. (Doc. 14, at 2-3.)

The Grand Menorah Lighting at City Hall involves the display of a menorah in the City Hall lobby. (Doc. 1, at 14, 23, 28.) In 2017, the City's mayor attended the Grand Menorah Lighting at City Hall and participated by lighting the menorah. (Doc. 1, at 23.) In 2018, the City's vice-mayor elect attended the Grand Menorah Lighting at City Hall and participated by lighting the menorah and giving a short speech "in honor of [the] Flagstaff Hanukkah tradition." (Doc. 1, at 27, 28.) In 2017 and 2018, a local newspaper in Flagstaff published articles about the Grand Menorah Lighting at City Hall, which included photographs of the City's mayor and mayor-elect participating in the menorah lighting ceremony with a rabbi. (Doc. 1, at 23, 27-28.)

In December 2016, motivated by his desire to stop what he believed was a constitutional violation by the City, Plaintiff contacted a national non-profit organization—whose purpose is to "protect the constitutional principle of separation between state and church"—to solicit assistance in preventing the next Grand Menorah Lighting at City Hall. (Doc. 1, at 11, 14, 15.) In November 2017, Plaintiff wrote letters to the mayor, the vice-mayor, and to City councilmembers, expressing that "he has been very disturbed" by the Grand Menorah Lighting at City Hall and is "concerned [that] such a ceremony…is certainly unconstitutional." (Doc. 1, at 11, 14-22.)

Plaintiff, pro se, filed the Complaint in Coconino Superior Court on May 20, 2019, alleging that the City's decision "to hold a religious ceremony for any religious group or person" violates the Establishment Clause and the Arizona Constitution. (Doc. 1, at 9, 11.) In the Complaint, Plaintiff seeks an injunction against the City, enjoining the City from holding any religious ceremonies in City Hall, including the 2019 Grand Menorah Lighting at City Hall. (Doc. 1, at 12.) The City removed the action to this Court on June 13, 2019. (Doc. 1, at 1.)

The City filed its Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) on June 26, 2019, arguing that Plaintiff lacks standing, that this matter is not yet ripe for adjudication, and that Plaintiff failed to state a claim upon which relief may be granted. (Doc. 14.) Plaintiff filed a two-sentence Response, asserting that he "disagrees

with the Defendant's motion [and relies] on the Complaint [he] previously filed." (Doc. 19, at 1.) The City filed a Reply in Support of its Motion to Dismiss. (Doc. 20, at 1-2.)

## II. LEGAL STANDARDS AND ANALYSIS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When a defendant argues that the claims in the complaint, even if true, are insufficient to establish subject-matter jurisdiction, the challenge is a facial one. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), courts must accept all material allegations in the complaint as true and construe the complaint in favor of the plaintiff. *White*, 227 F.3d at 1242; *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). By contrast, in a factual attack to subject-matter jurisdiction, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction. *White*, 227 F.3d at 1242.

### B. Standing

Article III of the Constitution vests the Federal Judiciary with "Power" to resolve "Cases" or "Controversies," not questions. U.S. Const. Art. III, § 2, cl. 1; *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 132 (2011). Standing is a component of the "case-or-controversy" requirement and serves to ensure that the plaintiff is "a proper party to invoke judicial resolution of the dispute." *Warth*, 422 U.S. at 518. A complaint that fails to allege facts sufficient to establish standing requires dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Maya*, 658 F.3d at 1067.

To have standing for injunctive relief under Article III, a plaintiff must show that

"he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief that is sought.'" *Maya*, 658 F.3d at 1068-69 (citing *Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008) (internal citations omitted).

The Establishment Clause of the First Amendment, made binding to the states through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I; *Capitol Square Review and Advisory Bd. v. Pinette*, 515 U.S. 753, 757 (1995). Standing to challenge government action under the Establishment Clause of the First Amendment requires more than an assertion that the Establishment Clause has been violated. *Caldwell v. Caldwell*, 545 F.3d 1126, 1131 (9th Cir. 2008). To establish the "injury in fact" requirement under the Establishment Clause, the plaintiff must identify a personal injury suffered as a consequence of the alleged constitutional error, such as avoidance of the display alleged to violate the Constitution, or "frequent and regular" or "unwelcome" contact with an allegedly offensive religious (or anti-religious) practice. *Id*. at 1131-32 (citing *Buono v. Norton*, 371 F.3d 543, 547 (9th Cir. 2004) (plaintiff's inhibition from freely using federal preserve constituted an "injury in fact" for purposes of standing under the Establishment Clause)); *see also Caldwell*, 545 F.3d at 1133-34 (Fletcher, J., concurring) (plaintiff lacked standing because she did not allege how she was "directly affected" by the website's allegedly offensive content or that she was inhibited from freely using the rest of the website); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 485-86 (1982) (plaintiffs lacked standing to challenge the transfer of government property in a state where no plaintiff resided, and where the plaintiffs learned about the transfer through a news release); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249, 1251 (9th Cir. 2007) (plaintiff had standing to challenge a government seal because plaintiff was a member of the

community and was forced into frequent, direct and unwelcome contact with it); *American Jewish Congress v. Cty. of Beverly Hills*, 90 F.3d 379, 382 (9th Cir. 1996) (plaintiff had standing under the Establishment Clause to challenge the City's permitting scheme, which granted the Chabad permission to maintain a large menorah for two weeks and hold nightly religious ceremonies in a city park, where plaintiffs alleged interference with their right to freely enjoy the public park); *Kaplan v. Cty. of Burlington*, 891 F.2d 1024, 1027 (2d. Cir. 1989) (plaintiffs had standing to challenge the menorah lighting ceremony and the maintenance of a privately sponsored menorah that was erected for 11 days in a city park, because plaintiffs resided in the area and had been exposed to the menorah in the course of their daily activities).

**C. Plaintiff lacks standing under the Establishment Clause to challenge the Grand Menorah Lighting or any other religious ceremony in City Hall.**

In its Rule 12(b)(1) Motion to Dismiss, the City makes both a facial and factual challenge to Plaintiff's standing. (Doc. 14, at 3-4.) Because the Court finds that the Complaint fails on its face to demonstrate that Plaintiff has standing, the Court need not consider the City's factual challenge to standing.

Accepting Plaintiff's allegations in the Complaint as true, Plaintiff has failed to establish an injury in fact. Although Plaintiff is a resident of Flagstaff (Doc. 1, at 10, 16), Plaintiff did not allege that he has had direct contact with the Grand Menorah Lighting at City Hall, or any other religious ceremony purportedly held in City Hall. According to the Complaint, Plaintiff's contact with the Grand Menorah Lighting at City Hall has, at most, been via newspaper articles reporting the "Flagstaff Hanukkah tradition." (Doc. 1, at 23, 27-28.) While Plaintiff alleges that he has been "quite concerned" and "very disturbed" by the Grand Menorah Lighting at City Hall, (Doc. 1, at 16, 17)—without more, the injury asserted by Plaintiff is too generalized and remote to confer standing against the City. The Rule 12(b)(1) Motion to Dismiss for lack of standing is therefore granted.

### D. Plaintiff lacks standing under Article II, Section 12 of the Arizona Constitution to challenge the Grand Menorah Lighting or any other religious ceremony in City Hall.

In addition to his Establishment Clause claim, Plaintiff alleges that the City's decision to hold the Grand Menorah Lighting and other religious ceremonies in City Hall violates Article II, Section 12 of the Arizona Constitution, which provides in relevant part that "[n]o public money or property shall be appropriated for or applied to any religious worship, exercise, or instruction, or to the support of any religious establishment." Ariz. Const. art II, § 12; (Doc. 1, at 11, 12.)

Federal law requires that, where a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has recognized an exception to this statutory provision, however, where "there is absolute certainty that remand [to state court] would prove futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

In his Response to the City's Motion to Dismiss, Plaintiff failed to provide any authority demonstrating why the standing analysis under Article II, Section 12 of the Arizona Constitution is different than that which is applied under the Establishment Clause; nor has he argued why this case presents the narrow exception where standing should be waived under Arizona law. *See Bennett v. Brownlow*, 211 Ariz. 193, 196, ¶ 17 (2005) (placing limits on a party's standing to sue in Arizona courts that mimic Article III of the U.S. Constitution); *Bennett v. Napolitano*, 206 Ariz. 520, 524-525, ¶¶ 16, 19, 31 (2003) (separation of powers principle in Arizona's Constitution mandates that a litigant seeking relief in Arizona courts must first establish standing to sue, just like under Article III of the U.S. Constitution; standing is waived "only in exceptional circumstances, generally in cases involving issues of great public importance that are likely to recur."); *Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 141, ¶ 11 (2005) ("Although we are not bound by federal jurisprudence on the matter of standing, we have previously found federal case law instructive.").

The Court therefore applies the Establishment Clause's standing requirements to Plaintiff's state law claim. Because the Complaint fails to articulate any facts that can show how Plaintiff has suffered a direct and personal injury, remand of Plaintiff's state law claim at this juncture would be futile. The Court dismisses Plaintiff's state law claim with leave to amend.

Accordingly,

**IT IS ORDERED** granting Defendant City of Flagstaff's Rule 12(b)(1) Motion to Dismiss the Complaint for lack of standing (part of Doc. 14).

**IT IS FURTHER ORDERED** denying without prejudice, as moot Defendant City of Flagstaff's Rule 12(b)(1) Motion to Dismiss the Complaint for lack of ripeness (part of Doc. 14).

**IT IS FURTHER ORDERED** denying without prejudice, as moot Defendant City of Flagstaff's Rule 12(b)(6) Motion to Dismiss the Complaint (part of Doc. 14).

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint by **November 1, 2019.** If Plaintiff fails to file an amended complaint by this deadline, the Clerk of the Court shall enter judgment dismissing this case without prejudice.

Dated this 9th day of October, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge